FILED

15 MAR 26 PM 2:51

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

acc DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN NEWS AND INFORMATION SERVICE, INC.; et al., <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM D. GORE; et al., <br><br> Defendant. | CASE NO. 12cv2186-BEN (KSC) <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR EARLY NEUTRAL EVALUATION (ENE) AND CASE MANAGEMENT CONFERENCE (CMC)** <br><br> [Doc. 72] |

On March 24, 2015, the plaintiffs filed a document entitled "Consent Request for Early Neutral Evaluation (ENE) and Case Management Evaluation (CME)." [Doc. 72] In this document, the plaintiffs request that this Court schedule an Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC"). *Id.* at 3. This Court construes the plaintiffs' filing as a Motion for an ENE and CMC. The plaintiffs' Motion indicates that the defendants consent to the request. *Id.* However, because a Motion to Dismiss is currently pending before the District Court [Doc. 65] and a substantial number of defendants have not answered the Third Amended Complaint, the plaintiffs' Motion is DENIED.

//

//

//

## A. Procedural Posture

The original Complaint was filed on September 6, 2012, alleging violations of 42 U.S.C. §§ 1983 and 1988 against nine named defendants and numerous "John Doe" defendants. [Doc. 1] On October 2, 2012, defendant County of San Diego and individual defendants employed by the County ("County defendants") filed a Motion to Dismiss the Complaint for failure to state a claim. [Doc. 24] On October 9, 2012, defendant City of San Diego and an individual defendant employed by the City ("City defendants") filed a Motion to Dismiss the Complaint. [Doc. 25] On March 25, 2013, the District Court granted both Motions to Dismiss with leave to amend. [Doc. 31]

On April 15, 2013, the plaintiffs filed a First Amended Complaint raising civil rights claims against the same defendants. [Doc. 33] On April 24, 2013, the City defendants filed a Motion to Dismiss the First Amended Complaint. [Doc. 35] On April 29, 2013, the County defendants filed a Motion to Dismiss the First Amended Complaint. [Doc. 37] After a hearing on the Motions on June 24, 2013 [Doc. 44], the plaintiffs filed a Notice and Motion to file a Second Amended Complaint. [Docs. 47, 48] The District Court[1] granted the plaintiffs' Motion for leave to file a Second Amended Complaint on January 14, 2014. [Doc. 52]

The plaintiffs' Second Amended Complaint was filed on January 14, 2014, again alleging civil rights claims against the same defendants. [Doc. 53] The County defendants and the City defendants filed separate Motions to Dismiss the Second Amended Complaint on January 29, 2014. [Docs. 54, 56] The District Court issued an Order on September 18, 2014, granting in part and denying in part the County defendants' Motion to Dismiss, and granting the City defendants' Motion to dismiss, with leave to amend. [Doc. 63]

On October 6, 2014, the plaintiffs filed their Third Amended Complaint. [Doc. 64] The Third Amended Complaint alleged three counts of civil rights violations

---

[1] On July 2, 2013, District Judge Irma E. Gonzalez recused from the case, and District Judge Roger T. Benitez was assigned. [Doc. 45]

against the County defendants.[2] [Doc. 64] Count One of the Third Amended Complaint alleges a claim of retaliatory government action against defendants Gore and Caldwell. [Doc. 64, p. 36] Count Two alleges a claim of failure to train against defendants County of San Diego and Gore. *Id.* at pp. 38-39. Count Three alleges a false arrest claim against defendants Allensworth, Breneman and Proctor. [Doc. 64, pp. 41-42] On October 17, 2014, defendants Allensworth, Breneman and Proctor filed a Motion to Dismiss Count Three of the Third Amended Complaint. [Doc. 65] This Motion is currently pending before the District Court. Also on October 17, 2014, defendants Gore, Caldwell, County of San Diego, and San Diego Sheriff's Department filed an Answer to Counts One and Two of the Third Amended Complaint. [Doc. 67] On March 24, 2015, the plaintiffs filed the instant Motion requesting an ENE and CMC. [Doc. 72]

**B. Discussion**

Civil Rule 16.1 of the Local Rules for the Southern District of California governs pre-trial proceedings in this district, including the setting of Early Neutral Evaluation and Case Management Conferences. Generally, ENE conferences are to be set within 45 days of the filing of an answer. Civ. L. R. 16.1(c)(1). However, "[a]t the discretion of a judge assigned to the case, ENE and case management conferences need not be set in ... [c]ases in which a substantial number of defendants have not answered[.]" Civ. L. R. 16.1(e)(5). The reason for this exception is to promote the efficiency and economy of both this Court and the parties. In this case, while defendants County of San Diego, Gore and Caldwell have answered the Third Amended Complaint [Doc. 67], defendants Allensworth, Breneman and Proctor have not. The latter defendants have filed a Motion to Dismiss the only count of the Third Amended Complaint in which they are named, which is pending before the District Court. [Doc. 65] The outcome of the Motion to Dismiss may determine which causes of action survive and whether Allensworth, Breneman and Proctor remain parties in the case. Since this

---

[2] The City defendants were not named in the Third Amended Complaint, and were subsequently terminated from the case. *See dkt.* [12cv2186-BEN (KSC)]

1  Court's Chambers Rules require all parties to personally appear at the ENE conference
2  legally and factually prepared to discuss all claims, it would be imprudent to schedule
3  the conference before the pleadings are settled.
4     The Federal Rules of Civil Procedure also dictate this result. Holding an ENE
5  and CMC at this juncture would have the practical effect of commencing discovery.
6  *See* CIV. L. R. 16.1(d). This Court is charged with interpreting all the Rules, including
7  Rule 26(f), to ensure the "just, speedy, and inexpensive determination" of the case.
8  FED. R. CIV. P. 1. Since a motion to dismiss is now pending before the District Court,
9  discovery at this point would be inefficient and ineffective, as one of the three causes
10 of action may be dismissed, and some of the parties may be excused from the litigation.
11 As Magistrate Judge Bartick opined in similar circumstances, "the Court is concerned
12 that allowing some discovery now will lead to duplicative efforts, including multiple
13 depositions of the same witnesses, and potential discovery disputes between the parties
14 regarding whether certain discovery is or is not impacted by the motion to dismiss."
15 *Azco Biotech Inc. v. Qiagen, N.V.*, 12cv2599-BEN (DHB), 2013 WL 3283841, at *3
16 (S.D. Cal. June 26, 2013). This ruling is in keeping with numerous other courts, which
17 have denied parties' requests to expedite discovery on the same grounds when
18 potentially dispositive motions are pending. *Wilcox Indus. Corp. v. Hansen*, 279
19 F.R.D. 64, 71 (D.N.H. 2012); *Phillips v. United Parcel Serv., Inc.*, 08cv13978, 2009
20 WL 2058582, at *1 (E.D. Mich. July 13, 2009); *Batiste v. Bonin*, 06-1352, 2007 WL
21 1772010, at *1 (W.D. La. June 15, 2007); *Rupp v. Transcon. Ins. Co.*, 07cv333-TC
22 (PMW), 2008 WL 3193069, at *1 (D. Utah Aug. 6, 2008).
23 / /
24 / /
25 / /
26 / /
27 / /
28 / /

## C. Conclusion

For these reasons, the plaintiffs' Motion to schedule an ENE and CMC while a Motion to Dismiss is pending is DENIED without prejudice. The parties are instructed to contact this Court's Chambers within three court days of receiving a ruling on the Motion to Dismiss to schedule the ENE conference.

IT IS SO ORDERED.

Date: March 26, 2015

KAREN S. CRAWFORD
United States Magistrate Judge