1  THOMAS E. MONTGOMERY, County Counsel (State Bar No. 109654)
   County of San Diego
2  By JAMES M. CHAPIN, Senior Deputy (State Bar No. 118530)
   1600 Pacific Highway, Room 355
3  San Diego, California 92101-2469
   Telephone: (619) 531-5244;  Fax: (619) 531-6005
4  E-mail: james.chapin@sdcounty.ca.gov

5  Attorneys for Defendants County of San Diego, William D. Gore, Jan Caldwell,
   Thomas Seiver, Brendan Cook, Jesse Allensworth, James Breneman, Michael Proctor,
6  San Diego County Sheriff's Department, and Bonnie Dumanis

7                    **IN THE UNITED STATES DISTRICT COURT**

8                  **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN NEWS AND INFORMATION SERVICES, INC., a Connecticut Corporation; EDWARD A. PERUTA; and JAMES C. PLAYFORD,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM D. GORE, individually and in his official capacity as San Diego County Sheriff; JAN CALDWELL, individually and in her official capacity as San Diego County Sheriff's Department Public Affairs Director; THOMAS SEIVER, San Diego County Sheriff's Department Deputy, individually; BRENDAN COOK, San Diego County Sheriff's Department Deputy, individually; JESSE ALLENSWORTH, San Diego County Sheriff's Department Deputy, individually; JAMES BRENEMAN, San Diego County Sheriff's Department Deputy, individually; MICHAEL PROCTOR, San Diego County Sheriff's Department Deputy, individually; JOHN DOE 1-10; San Diego County Sheriff's Department; WILLIAM LANSDOWNE, individually and in his official capacity as San Diego Police Chief; JOHN DOE 1-10; San Diego Police Department; and BONNIE DUMANIS, individually and in her official capacity as San Diego County District Attorney; JOHN DOE 1-10; San Diego County District Attorney's Office, individually,<br><br>Defendants. | No. 12-cv-2186-BEN(KSC)<br><br>SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Date: April 22, 2016<br>Time: 10:30 a.m.<br>Dept.: 4D - Courtroom of the Honorable Roger T. Benitez<br>Trial Date: None |

Defendants submit this separate statement of undisputed material facts, together with references to supporting evidence, in support of their Motion for Summary Judgment.

## COUNT ONE -- RETALIATORY GOVERNMENT ACTION

| DEFENDANTS' UNDISPUTED MATERIAL FACT AND SUPPORTING EVIDENCE | PLAINTIFFS, RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1. Deputy Seiver requested that Playford be charged violation of Penal Code section 148 for interfering with his investigation on February 28, 2010. Playford continually interfered with Seiver as he was interviewing a subject involved in brandishing a handgun. Seiver did not prevent Playford from filming.<br><br>**Evidence:** Declaration of Thomas Seiver ¶¶ 2-6. | |
| 2. Deputy Seiver arrested Playford on March 9, 2010, for interfering with him during an encounter with suicidal and homicidal woman. Playford continually interfered while Seiver was trying to keep the woman calm and get her voluntarily into his patrol car. Playford's action caused the woman to try to attack Playford and deputies had to restrain her and start all over again with the woman.<br><br>**Evidence:** Declaration of Thomas Seiver ¶¶ 7-9. | |

///
///
///
///
///
///

| | |
|---|---|
| 3. Deputy Seiver was not the subject of an Internal Affairs complaint by Playford, was not directed by Caldwell or Gore to make the arrests, and did not arrest for the purpose of retaliation.<br><br>**Evidence:** Declaration of Thomas Seiver, ¶10; Declaration of Jeff Duckworth; Declaration of Jan Caldwell, ¶¶3-4. | |
| 4. Deputy Brendan Cook was dispatched to Congressman Issa's Office to assist patrol units with maintaining a perimeter after a bomb threat had been made. People were being evacuated from the building and Cook was told that there was a bomb located inside the doorway on the west entrance. Cook was on the west side of the building where firetrucks were stationed to delineate the potential bomb blast area and the safety zone. While Cook was helping get people out of the blast perimeter, someone pointed out Playford to him and told him that he had seen Playford with the protestors earlier right before the bomb threat came out. Cook noticed that Playford was hurrying to get close to the building, and wore dirty jeans covered with grease that was consistent with bomb-making.<br><br>**Evidence:** Exhibit A. Trial Transcript Superior Court Case No. CN 300278. Testimony of Brendan Cook, Vol. I, pp. 49-51, 55, 58-59, 61, 80. | |

///

///

///

///

///

///

///

///

///

| | |
|---|---|
| 5. As Playford went past patrol cars and headed into the blast area, Cook contacted him and told him to stop and back out of the area. Playford argued with him but backed out. Cook was concerned that he might be involved in the bomb threat because of his attire, demeanor and because he had a hand-held camera. Playford then began filming and then began dialing on a cell phone. Cook thought Playford was going to detonate a bomb based on his training and military experience. He knew that the most common way to detonate a bomb is with a cell phone and people who do that want to record it. And when he told Playford to stop calling four to five times, Playford didn't comply. Cook took the phone and camera from Playford and put them on the ground and asked Playford to sit down. Playford wouldn't sit down and kept arguing with Cook. Cook was concerned for his safety because of Playford's size, angry demeanor and body movements. Playford refused to answer questions and became tense and hostile. Cook could not control Playford and had to call other officers to assist.<br><br>**Evidence:** Exhibit A, Testimony of Brendan Cook, Vol. I, pp. 61-75. | |
| 6. Cook did not know who Playford was at the time of this event, had never seen a photograph of him and had never been briefed by anyone about him. Cook arrested Playford for obstructing him in investigating the bomb threat and delaying him and other deputies who were securing the area and trying to get people to safety. He did not arrest him because he was filming or because he was a media person.<br><br>**Evidence:** Exhibit A, Testimony of Brendan Cook, Vol. I, p. 77. Vol. II, p. 23). | |

///

///

///

///

- 4 -

12-cv-2186-BEN(KSC)

7. On May 31, 2012, Jan Caldwell sent a photograph of Playford to the front desk at the Sheriff's Administrative Center on Ridgehaven Court for security concerns. The photograph was not distributed to deputies in the field.

**Evidence:** Declaration of Jan Caldwell, ¶ 4.

## COUNT -- TWO FAILURE TO TRAIN

8. Deputies are trained in media relations at the Regional Academy and Jan Caldwell has conducted in-service training regarding the rights of media since 2009, The training includes information about the rights of media and the public and the current trends in social media and the impacts on law enforcement. The training provided to deputies, professional staff, new supervisors, and Search and Rescue volunteers also includes blocks of instruction on the various types of media, policy and procedure on working with the media, interview training/scenarios, media release preparation, media conference considerations, and Joint Information Centers.

**Evidence:** Declaration of Jan Caldwell, ¶ 5.

## *HECK V. HUMPHREY*

9. The only issue litigated in the criminal trials was whether Playford obstructed or delayed deputies conducting investigations, not whether he was resisting arrest.

**Evidence:** Exhibit D, pp. 73-78, 80-84; Exhibit B, pp. 6-7.

10. Playford specifically made his First Amendment right a defense in both criminal cases.

**Evidence:** Exhibit A, pp. 2-82 – 2-89; Exhibit B, pp. 2, 4; Exhibit C, pp. 37-51.

11. Playford pled guilty for both of the 2010 arrests and was convicted of violation of Penal Code section 148 for the 2011 arrest.

**Evidence:** Exhibit D, pp. 81-84.; Exhibit C, p. 3.

DATED:  March 24, 2016        THOMAS E. MONTGOMERY, County Counsel

By s:/ JAMES M. CHAPIN, Senior Deputy
Attorneys for Defendants County of San Diego, William D. Gore, Jan Caldwell, Thomas Seiver, Brendan Cook, Jesse Allensworth, James Breneman, Michael Proctor, San Diego County Sheriff's Department, and Bonnie Dumanis
E-mail: james.chapin@sdcounty.ca.gov