| | |
|---|---|
| 1 | THOMAS E. MONTGOMERY, County Counsel (State Bar No. 109654) |
| 2 | County of San Diego<br>By JAMES M. CHAPIN, Senior Deputy (State Bar No. 118530) |
| 3 | 1600 Pacific Highway, Room 355<br>San Diego, California 92101-2469 |
| 4 | Telephone: (619) 531-5244; Fax: (619) 531-6005<br>E-mail: james.chapin@sdcounty.ca.gov |
| 5 | Attorneys for Defendants County of San Diego, William D. Gore, Jan Caldwell, |
| 6 | Thomas Seiver, Brendan Cook, Jesse Allensworth, James Breneman, Michael Proctor, San Diego County Sheriff's Department and Bonnie Dumanis |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 11 | AMERICAN NEWS AND INFORMATION SERVICES, INC., a Connecticut Corporation; EDWARD A. PERUTA; and JAMES C. PLAYFORD, | No. 12-cv-2186-BEN(KSC) |
| 13 | | DECLARATION OF THOMAS SEIVER IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| 14 | Plaintiffs, | |
| | v. | Date: April 22, 2016 |
| 15 | WILLIAM D. GORE, individually and in his official capacity as San Diego County Sheriff; JAN CALDWELL, individually and in her official capacity as San Diego County Sheriff's Department Public Affairs Director; THOMAS SEIVER, San Diego County Sheriff's Department Deputy, individually; BRENDAN COOK, San Diego County Sheriff's Department Deputy, individually; JESSE ALLENSWORTH, San Diego County Sheriff's Department Deputy, individually; JAMES BRENEMAN, San Diego County Sheriff's Department Deputy, individually; MICHAEL PROCTOR, San Diego County Sheriff's Department Deputy, individually; JOHN DOE 1-10; San Diego County Sheriff's Department; WILLIAM LANSDOWNE, individually and in his official capacity as San Diego Police Chief; JOHN DOE 1-10; San Diego Police Department; and BONNIE DUMANIS, individually and in her official capacity as San Diego County District Attorney; JOHN DOE 1-10; San Diego County District Attorney's Office, individually, | Time: 10:30 a.m.<br>Dept.: 5A - Courtroom of the Honorable Roger T. Benitez<br>Trial Date: None |
| 28 | Defendants. | |

12-cv-2186-BEN(KSC)

I, THOMAS SEIVER, declare as follows:

1. I am a Sergeant with the San Diego County Sheriff's Department assigned to the Special Investigations Division. My current assignment is with the San Diego Regional Auto Theft Task Force. In 2010, I was a patrol deputy assigned to the Ramona Substation.

2. My first notable contact with James Playford was on February 28, 2010. I was one of two deputies dispatched to a residence in Ramona regarding a male brandishing a handgun. I interviewed the person who brandished the firearm at an intersection near the residence and then drove to the residence to interview the reporting party. After interviewing the reporting party, I had more questions for the other man and returned to interview him.

3. As I began the interview, Deputy Ward and I were standing between our patrol vehicles on the shoulder of the road when we heard Mr. Playford yelling at us from across the street while holding a video camera. We tried to ignore him, but the male became nervous as I was trying to get a statement from him. He began focusing on Playford and not responding to my questions. Playford moved to our side of the street and was filming from the side of one of the patrol cars right near to us. I asked him to move back several times until he moved away, but within a couple minutes, he had returned to the same spot and I could not continue the interview because the man was upset about Playford being there.

4. I told Playford to move back again so I could complete the interview. He argued with me for several minutes and refused to move. He was hostile and acting irrationally. I stopped the interview, stepped towards him and directed him to move back. Eventually, he moved farther away but continued to yell in our direction during the remainder of the interview.

5. At no time did I stop Playford from filming the event; it appeared to me that he was filming the entire time. My concern was completing the investigation and he was preventing me from doing that.

6. When I returned to the substation, I reviewed my audio recording of the event and believed that Playford had willfully obstructed and delayed my investigation. I requested a notify warrant be issued for violation of Penal Code section 148(1). Based on my report, the District Attorney issued the case against Playford.

7. The only other notable contact I had with Playford was on March 9, 2010. I was at 1400 Main Street in Ramona in the Albertson's parking lot speaking to a woman who was suicidal and also threatening to kill others. The woman was mentally disturbed and I was trying to determine if I could take her into custody pursuant to Welfare and Institutions Code section 5150, which requires that I have reason to believe that she is experiencing a psychological breakdown and in need of immediate care. The woman was upset and scared and was not yet handcuffed. I was trying to talk to her to get her into my patrol car voluntarily so I would not have to use force.

8. Just as I had convinced the woman to walk to my patrol car, she looked away and said, "Oh, I don't want my picture taken." I then saw Playford standing between us and my car. I waved my hand at Playford to move out of the way. Playford appeared to be filming with his camera and he was asking the woman questions. As we got closer to him, I asked him to stay back several times. The woman was becoming angry with Playford and was getting tense. She told me she was going to grab the camera from him. Playford refused to move and began arguing with me and then advanced towards us. I told him several times to get back. When he was about 10 feet away, the woman screamed and charged at Playford. I placed myself between the woman and Playford as Deputy Stemper was struggling to control the woman.

9. After we were able to get the woman calmed down and into the patrol car, I arrested Playford for obstructing and delaying me in violation of Penal Code section 148. The charges were issued by the District Attorney. I did not prevent Playford from filming and his video was eventually used by the prosecution in the criminal trial.

///

///

10.  I was never the subject of an Internal Affairs investigation of a complaint by Mr. Playford. I based the charges on the intentional acts of Playford obstructing investigations and delaying us in completing them. The arrests were not in retaliation for anything, they occurred because of Playford's conduct at the time of each event and I was not directed by anyone else to make the arrests.

11.  Based on our training and experience, we know that law enforcement officers' activities in public are subject to being filmed at any time. I have not at any time prevented anyone from filming me in the performance of my duties.

I declare under penalty of perjury under California law that the foregoing is true and correct.

Executed in San Diego, California, March 22, 2016.

THOMAS SEIVER