THOMAS E. MONTGOMERY, County Counsel (State Bar No. 109654)
County of San Diego
By JAMES M. CHAPIN, Senior Deputy (State Bar No. 118530)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-5244; Fax: (619) 531-6005
E-mail: james.chapin@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, William D. Gore, Jan Caldwell,
Thomas Seiver, Brendan Cook, Jesse Allensworth, James Breneman, Michael Proctor,
San Diego County Sheriff's Department, and Bonnie Dumanis

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN NEWS AND INFORMATION SERVICES, INC., a Connecticut Corporation; EDWARD A. PERUTA; and JAMES C. PLAYFORD, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM D. GORE, individually and in his official capacity as San Diego County Sheriff; JAN CALDWELL, individually and in her official capacity as San Diego County Sheriff's Department Public Affairs Director; THOMAS SEIVER, San Diego County Sheriff's Department Deputy, individually; BRENDAN COOK, San Diego County Sheriff's Department Deputy, individually; JESSE ALLENSWORTH, San Diego County Sheriff's Department Deputy, individually; JAMES BRENEMAN, San Diego County Sheriff's Department Deputy, individually; MICHAEL PROCTOR, San Diego County Sheriff's Department Deputy, individually; JOHN DOE 1-10; San Diego County Sheriff's Department; WILLIAM LANSDOWNE, individually and in his official capacity as San Diego Police Chief; JOHN DOE 1-10; San Diego Police Department; and BONNIE DUMANIS, individually and in her official capacity as San Diego County District Attorney; JOHN DOE 1-10; San Diego County District Attorney's Office, individually, <br><br> Defendants. | No.  12-cv-2186-BEN(KSC) <br><br> REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT <br><br> [Fed.R.Civ.P. 56] <br><br> Date: May 3, 2016 <br> Time: 9:30 a.m. <br> Dept.: 5A - Courtroom of the Honorable Roger T. Benitez <br> Trial Date:  None |

12-cv-2186-BEN(KSC)

I

THERE IS NO EVIDENCE OF RETALIATORY
ACTION BY GORE OR CALDWELL

Plaintiff failed to file a separate statement of undisputed facts as required by this Court.  (Order, ECF No. 82, citing Local Rule 7.1(f)(1).)  Even so, in what remains of this action, Plaintiff alleges that Sheriff William Gore and Jan Caldwell were personally involved in directing or causing the arrests of Plaintiff in retaliation for filming deputies. Plaintiff offers no evidence that raises any disputed issue of material fact as to whether Jan Caldwell or William Gore directed or caused those arrests.  Deputy Cook had never heard of Playford before the arrest in 2011, and Deputy Seiver made the 2010 arrests on his own without any direction from anyone.  Jan Caldwell had no contact with the deputies who made the arrests and has never given direction to any deputy regarding any arrest.

The reasons for the arrests are set forth in the declarations of the deputies involved. In all cases, Playford was not acting as a neutral member of the press who was just filming an event in order to record it.  He was actively inserting himself into the event as a participant.  In both cases in 2010, it was the person who was subject of the investigation who was upset by the Playford's yelling, actions and filming, rather than the deputy.  Playford's aggressive actions were disrupting the contacts with the individuals and delaying and interfering with deputies' efforts.  In the 2011 arrest, he was acting in a manner that raised suspicion that he could be a suspect in a bomb threat.

The Third Amended Complaint ("TAC") alleges Gore and Caldwell are liable for retaliation because of the positions taken by Gore and Caldwell "denying persons lacking government issued media credentials the right to videotape police carrying out their duties in public . . ."  (TAC ¶ 207.)  None of these arrests had anything to do with media credentials issued by the City police department.  There is no evidence presented by Plaintiff that any of these arrests were made because he lacked certain media credentials or that those with such credentials would have been permitted to interfere in the manner

- 2 -

he did.  Clearly, there is no evidence presented by any other member of the media that they have been able to conduct themselves the way Playford has done by displaying certain media credentials.

The undisputed evidence is that no photograph of Playford was circulated to deputies in the field; it was provided to the front desk at Sheriff's headquarters.  Even Plaintiff's declaration states that he saw it at headquarters.  The only photograph that was provided by Caldwell to the front desk was after all the arrests.  (See Declaration and Supplemental Declaration of Jan Caldwell.)  Also, there was no Internal Affairs complaint as Plaintiff had alleged.  The fact that Deputy Seiver knew of Playford in advance is not evidence of retaliatory intent, it is simply a function of having been on patrol in that community.  And the fact that Caldwell had been made aware of Playford's aggressive behavior with deputies does not establish retaliation, since it is undisputed that she had no involvement in the arrests.  There is nothing in the evidence that supports the retaliation claims against Gore or Caldwell.

Plaintiff's counsel mistakenly argues that the McGonigle Canyon controversy pitted Plaintiff's video against the Sheriff's Department.  (Opposition, p. 14.)  That is a City of San Diego issue that neither the County nor the Sheriff had any part in or jurisdiction over.  (See TAC, 40-44.)  The Opposition also repeats the TAC allegation that Playford filmed deputies beating Alan Baker.  (Opposition, p. 14.)  There was no beating as Playford claims.  Baker's civil lawsuit against the deputies resulted in a unanimous verdict in favor of the deputies.  (See Case No. 09-CV-1194-BEN(WMc), ECF Nos. 75, 76.)

In the cases relied on by Plaintiff, arrests were made by officers, who allegedly retaliated for protected speech, even though probable cause existed.  Here, the officers are not the defendants and there is no evidence of retaliation by Defendants Gore or Caldwell.  This is a case which has "very strong evidence of probable cause and very weak evidence of a retaliatory motive" and falls outside the reach of *Skoog v. County of*

///

12-cv-2186-BEN(KSC)

*Clackamas*, 469 F.3d 1221 (9th Cir. 2006).  *See Dietrich v. John Ascuaga's Nugget,* 548 F.3d 892, 901 (9th Cir. 2008).

## II

### *HECK V. HUMPHREY* APPLIES

Much of Plaintiff's Opposition is a re-hash of his claims he should not have been convicted for the arrests.  However, he was convicted, and he is now "challenging the validity of outstanding criminal judgments" which *Heck v. Humphrey* forbids.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  Playford has both pled guilty and has been convicted of interfering with law enforcement, despite assertion of his First Amendment claims.  *Heck* bars this action.

## III

### THE FAILURE TO TRAIN CLAIM HAS NO MERIT

Plaintiff's Opposition does not address the failure to train issue at all.  Therefore summary judgment must be granted on this claim as to William Gore and the County of San Diego.  Also, since there is no underlying constitutional violation, there can be no public entity or policymaker liability.  *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

///

///

///

///

///

///

///

///

///

///

///

- 4 -

12-cv-2186-BEN(KSC)

1

CONCLUSION

2        Plaintiff offers no evidence that raises a disputed issue of material fact as to

3    whether Jan Caldwell or William Gore directed or caused the arrests of Playford.  Deputy

4    Cook had never heard of Playford before the arrest in 2011, and Deputy Seiver made the

5    2010 arrests on his own without any direction from anyone.  The failure to train cause of

6    action has not been addressed by Plaintiff at all.  Defendants are entitled to summary

7    judgment.

8    DATED:  April 22, 2016            THOMAS E. MONTGOMERY, County Counsel

9                                      By: s/ JAMES M. CHAPIN, Senior Deputy
                                       Attorneys for Defendants County of San Diego,
10                                     William D. Gore, Jan Caldwell, Thomas Seiver,
                                       Brendan Cook, Jesse Allensworth, James Breneman,
11                                     Michael Proctor, San Diego County Sheriff's
                                       Department, and Bonnie Dumanis
12                                     E-mail: james.chapin@sdcounty.ca.gov

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12-cv-2186-BEN(KSC)